UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARCY E. VELDING,

       Plaintiff,                           Case No: 1:13-cv-684

v.                                              HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits. The matter is presently before the Court on Plaintiff's Objection to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objection has been made. The Court denies the Objection and issues this Opinion and Order.

I.

Plaintiff first argues that the Magistrate Judge erred in concluding that the Administrative Law Judge's (ALJ's) mistake in accepting the opinion of the "single decisionmaker"[1] (SDM) as an opinion from an "acceptable medical source" was harmless error. Plaintiff contends that numerous

---

[1]The "disability adjudicator," who denied plaintiff's claim for DIB benefits at the initial review stage (R & R at Page ID# 654).

courts have found reversible error where, as here, the ALJ gave weight to an SDM's opinion in weighing the medical evidence. Plaintiff asserts that unlike in *White v. Commissioner*, No. 12-cv-12833, 2013 WL 4414727, at *8-10 (E.D. Mich. Aug. 14, 2013), cited in the R & R, here, the ALJ relied heavily on the SDM's opinions when she adopted the following limitations into her RFC determination: "occasional pushing, and pulling; never climbing ladders, ropes, or scaffolds; occasionally performing postural movements, and limiting the plaintiff to occasional overhead reaching" (Obj. at Page ID# 672-73).

The Magistrate Judge noted that the ALJ *rejected* the SDM's opinion that Plaintiff was capable of performing light work because more recent evidence demonstrated that Plaintiff was limited to sedentary work (R & R at Page ID# 655). The ALJ found that Plaintiff could not perform light work and found that Plaintiff retained the RFC for a limited range of sedentary work with a sit/stand option (*id.*). The Magistrate Judge thus found that the ALJ's error was harmless (*id.*). The cases cited by Plaintiff in her objection do not compel a different conclusion since in such cases the ALJ relied on the SDM opinion. *See White*, 2013 WL 4414727, at *9 (distinguishing cases where the ALJ's error required remand); *see also Palmer .v Comm'r of Soc. Sec.*, No. 1:13-CV-546, 2014 WL 4721670, at *4 (W.D. Mich. Sept. 22, 2014) (citing cases finding reversible error where the ALJ treated the opinion of a non-physician SDM as that of a physician).

Nor does the fact that the ALJ adopted certain limitations noted by the SDM into her RFC determination undermine the Magistrate Judge's conclusion. The ALJ noted that the SDM's assessment was *somewhat consistent* with the evidence of record at the time it was completed, but that subsequent evidence did not support the SDM's determination that Plaintiff was capable of "light work" (AR at Page ID# 56-57, emphasis added). As the Magistrate Judge pointed out, "the

ALJ found that plaintiff could not perform light work and found that Plaintiff retained the RFC for a limited range of sedentary work with a sit/stand option" (R & R at Page ID# 655). Moreover, the ALJ's factual findings regarding Plaintiff's RFC were supported by substantial evidence (*id.*). Plaintiff has not shown otherwise. Any overlap between the SDM's assessment and the RFC limitations found by the ALJ does not undermine the Magistrate Judge's finding of harmless error. This objection is denied.

II.

Plaintiff argues that the Magistrate Judge committed two errors with regard to the application of the treating physician rule, by: (1) finding that the ALJ did not violate the treating physician rule in failing to give any weight to Dr. Mankoff's opinions; and (2) failing to address whether the ALJ properly weighed the opinion of Dr. Russo. These arguments are without merit.

A.

Plaintiff contends that the inconsistency between the ALJ's assignment of "little weight" to OTR Rounds' opinion and "no weight" to Dr. Mankoff's opinion that explicitly adopted the evaluation of OTR Rounds—"erodes all doubt that the [ALJ's] decision was based upon substantial evidence" (Obj. at Page ID# 673). Plaintiff merely reasserts the same argument she raised in her brief before the Magistrate Judge. An "objection" that merely "restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Such duplication defeats the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which is to "'relieve courts of unnecessary work.'" *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citation omitted).

In any event, Plaintiff's argument disregards the context of the ALJ's full consideration of these opinions, which does not support Plaintiff's claim of inconsistency. For instance, OTR Rounds concluded that Plaintiff appeared to be functioning within the sedentary work classification whereas Dr. Mankoff did not believe that Plaintiff qualified for even a sedentary level position (*see* AR at Page ID# 57-58). The Magistrate Judge fully reviewed this issue in light of the record and properly found no violation of treating physician rule (R & R at Page ID# 668-69).

B.

Plaintiff claims error because the R & R does not address the weight assigned to the opinion of Dr. Russo, who was hired by an insurance company to provide his opinions (Obj. at Page ID# 674). Plaintiff asserts that the ALJ erred in assigning "significant weight" to Dr. Russo's opinions (*id.*).

Plaintiff's argument concerning Dr. Russo was included in her overall argument that the ALJ's decision contains inconsistencies and she improperly weighed the various medical opinions (Pl. Br., Dkt 14 at Page ID# 609, 622; Pl. Reply at Page ID# 647). Although the Magistrate Judge did not separately analyze the "significant weight" assigned to Dr. Russo's opinion, the Magistrate Judge fully considered the record and Plaintiff's claim that the ALJ misapplied the treating physician rule, and found no violation with respect to Dr. Mankoff (R & R at Page ID# 652, 655-69). Moreover, the Magistrate Judge reviewed the record, including Dr. Russo's opinions, in extensive detail (*id.* at Page ID# 655-68), and based on the record, properly concluded that the ALJ committed no error in rejecting the work-preclusive RFC restrictions suggested by Dr. Mankoff because they were inconsistent with the underlying record and the lack of evidence supporting the restrictions (*id.*

4

at 668). Plaintiff has shown no error with respect to the weight accorded to the various medical opinions, including those of Dr. Russo.

For the reasons stated in the R & R, the Commissioner's decision is properly affirmed. Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enter a Judgment consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

**THEREFORE, IT IS ORDERED** that the Objection (Dkt 20) is DENIED; the Report and Recommendation of the Magistrate Judge (Dkt 19) is APPROVED and ADOPTED as the Opinion of the Court; and the decision of the Commissioner of Social Security is AFFIRMED.


Dated: September  1 , 2015             /s/ Janet T. Neff
                                       JANET T. NEFF
                                       United States District Judge